IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIN F. GRAHAM, JR.,

                      Petitioner,

  v.                                              DISCOVERY ORDER

UNITED STATES OF AMERICA,                      24-cv-253-jdp

                      Respondent.

---

      Petitioner Erin F. Graham, Jr., was convicted after a jury trial of seven counts related to his sex trafficking of multiple victims. Case No. 18-cr-43. He was sentenced to 300 months of incarceration to be followed by 25 years of supervised release. His conviction and sentence were affirmed on appeal. Dkt. 281 in Case No. 18-cr-43. He has petitioned the court to vacate his sentence under 28 U.S.C. § 2255 alleging that his trial counsel, Reed Cornia, was ineffective. The court has opened this civil case for proceedings concerning the petition.

      The government asks for an order declaring that Graham has waived attorney-client privilege in his communications with Cornia insofar as they relate to Graham's claims of ineffective assistance. Dkt. 17 and Dkt. 18. The government seeks production of materials from Cornia's case file concerning 21 topics identified in its correspondence to Graham's current counsel. Dkt. 18-2. The government also asks for a copy of any release from Graham's co-defendant, Patience Moore. Graham opposes. Dkt. 23. Graham acknowledges the basic principle that a defendant who claims ineffective assistance implicitly waives any claim to privilege in communications with his attorney that are relevant to the claim. But Graham wants the government to answer the petition before any exchange of discovery, and he contends that the 21 topics go beyond the scope of his allegations of ineffective assistance. Graham asks for

limits on the discovery and for a protective order restricting the use of the materials and information that might be produced.

The court has reviewed the petition and the government's 21 topics. A skim of the point headings in the petition might suggest that the petition is focused on Graham's rejection of a prior plea offer, Cornia's failure to investigate KV1, and Cornia's failure to withdraw from the case based on his own communication with KV1. But reading the petition shows that essentially all aspects of Cornea's interactions with Graham are invoked to show Cornia's deficient performance. The government's 21 topics are all tied to points made in the petition.

The government has asked to defer answering the petition until the court rules on its waiver motion and it has the opportunity to investigate. That makes sense here. On the deficient performance prong of the *Strickland* test, all the information is in the hands of the petitioner, not the government. It would be inefficient to force the government to file a pro forma answer when it does not have the information needed to meaningfully respond to the allegations in the petition. The court will allow the government to investigate before it answers, as it has done in other cases. See Dkt. 25 at 2, citing cases.

The court will also grant the government's other related requests: that Graham produce a copy of any release from co-defendant Moore provided to Graham's current counsel; that Graham release his case file to Cornia; and that Cornia be added to this case as an interested party.

The court will not restrict the government to written communication with Cornia. But the court will require the government to produce a copy of detective Dosher's report of the prior meeting with Cornia. And in any future interview with Cornia, the government must provide reasonable notice to Graham's counsel and allow counsel to attend.

The court will enter a protective order, as requested by Graham, to restrict the government's use of Graham's attorney-client material to its response to this petition.

Finally the court will order the parties to prepare a joint case scheduling report setting out deadlines for: the completion of discovery, the government's answer, and pre-hearing briefing; and a proposed hearing schedule. The parties should include alternative proposals on points of disagreement. The court will consult with the parties to set a scheduling conference for the week after filing of the case scheduling report.

ORDER

IT IS ORDERED that:

1. Petitioner Erin F. Graham, Jr., has waived confidentiality and attorney-client privilege for any communication with Reed Cornia that is relevant to Graham's allegation that Cornia provided ineffective assistance of counsel.

2. Graham must produce documents that are responsive to the government's request in its letter, Dkt. 18-2, by February 19, 2025.

3. Graham must produce a copy of any release from co-defendant Moore provided to Graham's current counsel, by February 19, 2025.

4. Graham must release the case file in his underlying criminal case, or a copy of it, to Cornia by February 19, 2025.

5. The government may interview Cornia; any such interview must be disclosed with reasonable advance notice to Graham's counsel so that counsel may attend the interview.

6. The government is to produce a copy of detective Dosher's report of the prior meeting with Cornia within five days of the completion of the report.

7. Cornia is to be added to this case as an interested party.

8. All discovery made to the United States Attorney's Office for the Western District of Wisconsin in this matter shall be deemed protected. Only the United States Attorney's Office for the Western District of Wisconsin may possess or use the information, and only for the purpose of any proceedings incident to litigating the claims presented in the 28 U.S.C. § 2255 motion pending before this court.

Disclosure of the contents of the documents, the documents themselves, or of any information provided by Attorney Cornia may not be made to any persons or agencies, including any other law enforcement agencies or prosecutorial personnel or agencies, without further order of a court of competent jurisdiction or a written waiver by Defendant. This order shall continue in effect after the conclusion of the § 2255 proceedings and shall specifically apply to any event that is a direct outcome of a finding in favor of Graham, such as a new trial.

9. The parties must submit the joint case scheduling report by March 5, 2025.

Entered January 30, 2025.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge