IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIN GRAHAM,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

OPINION and ORDER

24-cv-253-jdp

---

This proceeding under 28 U.S.C. § 2255 is scheduled for an evidentiary hearing on November 12, 2026; a pre-hearing conference is scheduled for November 6. Petitioner Erin Graham challenges his conviction for trafficking four women for sex by using force, threats, fraud, or coercion. The overarching question is whether Graham's trial counsel, Reed Cornia, provided ineffective assistance during plea negotiations by failing to provide Graham with advice that would have persuaded him to plead guilty. Specifically, the hearing will cover trial counsel's alleged failure to do four things:

- investigate the potential testimony of witnesses who could testify against Graham, especially KV1, one of the primary victims;
- explain the importance of the government's theory that Graham used fraud to traffic the victims;
- explain the sentencing implications of all the charges; and
- provide notice of the government's plea offer before the offer expired.

This order addresses three motions in limine filed by Graham and two filed by the government. A review of those motions and the parties' other submissions shows that no conference is needed, so the November 6 conference is CANCELED.

ANALYSIS

## A. Graham's motions

### 1. Motion for witness to appear via contemporaneous transmission

Graham moves to allow witness Steven Meyer to testify at the hearing by video conference. Dkt. 51. Graham does not identify the testimony that Meyer will offer, but the government says that Meyer was present during interviews with Cornia. Dkt. 55, at 2. Graham states that Meyer will be called only if necessary as a rebuttal witness, any testimony will be limited, and Meyer would have to travel a long distance at significant expense if he is required to appear in person. Dkt. 51. The government does not object to Meyer as a witness, and it does not oppose the motion, so the motion is GRANTED. Graham's counsel is directed to contact the clerk's office to arrange the video conference. Graham's counsel is also directed to test the video conference before the hearing begins to avoid unnecessary delays caused by technical difficulties.

### 2. Motion for student appearance

Graham moves to allow law student Teagan Clark to participate in the hearing, including to conduct the examination of a witness. Dkt. 52. Graham's counsel represents that Clark has satisfied all the requirements under Wisconsin Supreme Court Rules chapter 50 for practicing as a student and that counsel will supervise her as required by the rules. *See* Dkt. 53. The government does not oppose the motion, so the motion is GRANTED.

### 3. Motion for leave to file post-hearing briefs

Graham moves to set a schedule for submitting briefs after the hearing. This motion is premature, so the motion is DENIED without prejudice. The court will decide at the conclusion of the hearing whether additional briefing is needed.

### B. Government's motions

#### 1. Motion to bifurcate

The government moves to bifurcate the proceedings so that the first hearing will not address the question whether trial counsel was ineffective by failing to provide timely notice of the government's plea offer. The government's reasoning is that the court will not need to address that issue if the court determines that Graham would not have accepted the plea offer regardless of when he received it.

The government offers little reason for deciding Graham's petition piecemeal. The government says that bifurcation will "conserve resources and avoid calling a potentially unnecessary witness," Dkt. 44, at 2, but the government does not suggest that addressing the timeliness issue will significantly lengthen the hearing or significantly affect the government's preparation. The resolution of this case has already been delayed substantially because the parties agreed to postpone the hearing by several months. *See* Dkt. 39. If the court determines after the November 12 hearing that it needs to decide the timeliness issue, that would require another hearing and cause more delay. So the motion to bifurcate, Dkt. 44, is DENIED. The parties should be prepared at the November 12 hearing to present evidence on all aspects of the remaining claims.

#### 2. Motion to limit witness testimony to plea-related topics

The government moves to exclude or limit the testimony of three potential witnesses: Nicholas Ganser, Joseph Bugni, and Julie Pfluger. Dkt. 45. For the reasons below, that motion is GRANTED. In response to Graham's witness list, the government also objects to proposed witness Lillian Nelson. Dkt. 55, at 2. The court will give Graham an opportunity to explain what relevant testimony Nelson might have.

**a. Ganser**

Ganser was Cornia's co-counsel; I appointed him to assist Cornia with the trial. The government says that Ganser has no relevant testimony because Graham's claim is about plea advice, and Ganser stated in his affidavit that he was not involved in plea negotiations or investigating the case. *See* Dkt. 4. In response, Graham says that Ganser "worked with Cornia on trial strategy and is familiar with Cornia's understandings of the case, witness investigation and preparation, and similar matters." Dkt. 56, at 2. But Graham neither provides a factual basis for that statement nor identifies any specific knowledge that Ganser has that is still relevant to this case. The remaining claims are not about Cornia's trial strategy.

The court agrees with Graham that Ganser is not limited to the testimony or topics included in his affidavit. But the issue is not simply about adding details or addressing new topics. Ganser was appointed at a late stage in the proceedings, and he makes it clear in his affidavit that his involvement was limited. His affidavit includes the following statements:

- his role at trial was limited to examining two witnesses;
- he was not aware that Graham had spoken to KV1;
- he did not review discovery files with Cornia;
- he was not aware that fraud was a main theory of the government's case;
- he did not have any meetings with prosecutors;
- he did not meet with Graham before trial or discuss the case with him;
- he was not involved in plea negotiations, and he did not hear about plea negotiations.

Dkt. 4. From this, it is not clear what relevant testimony Ganser might offer. Graham does not suggest that Ganser intends to contradict his affidavit during the hearing. Ganser did say in his

affidavit that he does not believe that Cornia interviewed any witnesses, *id.* ¶ 11, but that does not appear to be a disputed fact.

The court will exclude Ganser's testimony.

**b. Bugni**

Bugni was counsel for Graham's co-defendant, Patience Moore. The government says that Bugni's affidavit relates to claims that the court dismissed, so Bugni has no relevant testimony. In response, Graham does not dispute that Bugni's affidavit provides no relevant testimony. Instead, Graham says that Bugni "worked closely with Cornia . . . around the time the plea offer was made to Mr. Graham" and that Bugni can "speak to investigative efforts, understanding the nature of the charges and the fraud component, and other similar matters related to deficiency and prejudice." Dkt. 56, at 3–4. Graham also says that Bugni can "corroborate Mr. Graham's testimony [about] Attorney Cornia's case understanding and preparation." *Id.* at 4.

Graham's explanation has the same problems here as it did for Ganser's testimony. Specifically, Graham provides little factual basis for his assertions, and they are so vague that it is not reasonable to infer from them that Bugni's testimony is likely to be helpful. Graham's remaining claims are not about a general failure to prepare. They are specifically about Cornia's alleged failure to provide adequate plea advice. Graham does not explain why Bugni is likely to know what advice Cornia provided, how Cornia prepared to give that advice, or whether Graham would have accepted a plea if Cornia had provided better advice. The court will exclude Bugni's testimony.

**c. Pfluger**

Pfluger was one of the assistant U.S. attorneys assigned to Graham's criminal case. The government says that her testimony should be limited to the issue of "the flexibility of the deadline in the plea offer." Dkt. 44, at 2; Dkt. 45, at 2. Graham does not oppose this aspect of Dkt. 45, so Pfluger's testimony will be limited to that issue.

**d. Nelson**

Graham does not explain who this proposed witness is, but the government says that she performed paralegal work for Cornia. The government objects on the ground that it "has no indication she participated in plea negotiations or discussed them with Cornia." Dkt. 55, at 2. No later than November 4, Graham should be prepared to explain during the conference what testimony Nelson will offer and how it is relevant to the remaining issues in this case.

Entered October 29, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge